16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary Lee McCOLPIN, Plaintiff-Appellant,
v.
Debra Byrd WAGNER, Defendant-Appellee.
 No. 93-3146.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Gary Lee McColpin, appearing pro se, appeals from the district court's denial of his motion for leave to proceed in forma pauperis on appeal. We affirm.
 
 
 3
 Mr. McColpin is an inmate of the Lansing Correctional Facility in Lansing, Kansas. He is currently serving a prison term for kidnapping, enticement of a child, and attempted indecent liberties with a child. Mr. McColpin brought this action, in which he was permitted to proceed in forma pauperis, against Debra Byrd Wagner, the assistant district attorney for Sedgwick County, Kansas. The district court dismissed the action, finding that it was "both frivolous and malicious." Rec., vol. 1, doc. 7. Upon appeal by Mr. McColpin, we held that the district court did not abuse its discretion in dismissing the case on this ground. Id., doc. 17.
 
 
 4
 Mr. McColpin then filed a motion that he entitled a motion for "newly discovered evidence."[2] The motion described a series of events involving his children, and appeared to challenge the Kansas state statute defining the offense of attempted indecent liberties with a child. Id., doc. 18. The district court denied the motion, stating that it failed to identify any reasonable ground for reopening the action. Id., doc. 19. Mr. McColpin then filed a second notice of appeal. The district court denied him leave to proceed in forma pauperis on appeal because he "wholly failed to identify any rational legal theory or factual basis which would permit him to pursue this ... action ... and the court concludes the appeal is legally frivolous and is not taken in good faith." Id., doc. 23. We agree.
 
 
 5
 In order to succeed on a motion for leave to proceed without prepayment of costs or fees, an appellant must show both a financial inability to pay the required filing fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(a); Coppedge v. United States, 369 U.S. 438 (1962).
 
 
 6
 After a careful reading of Mr. McColpin's complaint, briefs on appeal, and the district court file, we conclude that he can make no rational argument on the law or facts in support of his issues on appeal. The district court's denial of Mr. McColpin's motion for leave to proceed on appeal without prepayment of costs or fees is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 22, 1993
 
 
 [2]
 Mr. McColpin's motion was entitled, "Motion for Newly Discovered Evidence." Rec., vol. I, doc. 18. We construe this motion as a motion for relief from judgment or order under Fed.R.Civ.P. Rule 60(b). Mr. McColpin also filed a motion for reconsideration of the decision, which the district court denied. Id., doc. 21